B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Nichole Rose-Turner | DEFENDANTS<br>Select Portfolio Servicing, Inc<br>First Franklin Financial Corp |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known)<br>Richard B Maner, P.C<br>5775 Glenridge Dr.<br>Atlanta GA 30328 |
| PARTY (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**    #1
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2018 AUG -6 AM 9:42
BY _____ DEPUTY CLERK

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Nichole Rose-Turner | BANKRUPTCY CASE NO. 18-63003 | |
| DISTRICT IN WHICH CASE IS PENDING Northern | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF Nichole Rose-Turner | DEFENDANT Select Portfolio Servicing First Franklin Financial Corp | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING Northern | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*/s/ Nichole Rose-Turner/*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 8-6-18 | Nichole Rose-Turner |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| NICHOLE ROSE TURNER | ) ) ) | CASE NO: |
| Debtor | ) ) ) ) | **18-63003** |
| NICHOLE ROSE TURNER | ) ) ) | |
| PLAINTIFF, | ) ) ) | |
| V. | ) | |
| FIRST FRANKLIN FINANCIAL CORPORATION, SUBSIDARY OF NATIONAL CITY BANK OF INDIANA | ) ) ) ) ) | ADVERSARY PROCEEDING CASE NO. |
| DEFENDANT. | ) ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action under the United States Bankruptcy Code, 11 U.S.C. 101-1330, seeking redress for the contumacious actions of Defendant First Franklin Financial Corp, subsidiary of National City Bank of Indiana, in collecting on a mortgage note from Plaintiff Nichole Rose Turner after her personal liability on the mortgage was discharged and requiring

- her to sign new mortgage documents purporting to revive the discharged mortgage debt. Mrs. Rose Turner seeks actual and punitive damages as well as costs and reasonable attorney's fees pursuant to 11 U.S.C. 524 and 11 U.S.C. 105. Additionally, Mrs. Rose Turner brings a claim for Declaratory injunctive relief that the Chase Mortgage has been satisfied.

## II JURISDICTION

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 of the United States Code and concerns property of the estate in that proceeding.

3. This court has personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and § 157(b)(2) and may enter a declaratory judgment pursuant to 28 U.S.C. § 2201.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

5. Plaintiff Rose Turner consents to the entry of a final order or judgment in this proceeding by the Bankruptcy Court

## III. PARTIES

6. Plaintiff Nichole Rose Turner ("Mrs. Rose Turner") is a citizen and resident of Lithonia, DeKalb County, Georgia.

7. Defendant First Franklin Financial Corp. subsidiary of National City Bank of Indiana (hereinafter referred to as "First Franklin") is an association with a principal place of business at 112 Town Park Drive, Suite G150 Kennesaw, Georgia 30144. First Franklin is a national mortgage company doing business throughout the United States, including Georgia.

## IV. FACTUAL ALLEGATIONS

8. On or about July 29, 2004, Ms. Rose Turner purchased a home and lot in DeKalb County commonly known as 3715 Wolverton Cir, Lithonia, Georgia 30038 (hereinafter referred to as the "Rose Turner Residence").

2

9. On or about January 2, 2006, Mrs. Rose Turner mortgage was transfered Countrywide Home Loans ("Countrywide")

10. After the transfer, Countrywide began sending Mrs. Rose Turner monthly mortgage statements which among other information stated the monthly payment amount, payment due date and the mortgage balance.

11. Upon information and belief, after the 2008 refinancing Countrywide Home Loans (hereinafter referred to as *"Countrywide"*) serviced Mrs. Rose Turner's mortgage for Chase.

12. Due to financial problems, on August 6, 2018, Mrs. Rose Turner commenced a voluntary proceeding under Chapter 7 of Title 11 of the United States Code.

13. Mrs. Rose Turner's Bankruptcy Schedules listed a debt to First Franklin Home finance in the amount of $124,000

14. On or about August 6, 2018, First Franklin was served by the Bankruptcy Noticing

3.

15. During 2013 and 2014 when Mrs. Rose Turner did not make "timely" payments on the First Franklin Note, representatives of First Franklin contacted Mrs. Rose Turner and requested that Mrs. Rose Turner make payments on the First Franklin Note.

16. Mrs. Rose Turner was told by Franklin that in order to continue to occupy the Rose Turner residence that she had to make payments on the First Franklin Note.

17. During the period from August 1, 2004 to March 5, 2013, Mrs. Rose Turner made payments to First Franklin totaling $148,363.08.

18. On March 6, 2012, Mrs. Rose Turner at Chase's request executed documents ("prepared By: First Franklin National Bank, N.A.") purporting to be a "Subordinate Mortgage" with regards to the Chase Note and to the Chase Security Deed, the Subordinate Mortgage provided that the "current principal balance" is $128,618.82. A true and accurate copy of the Subordinate Mortgage as recorded in the real property records of DeKalb is attached hereto as Exhibit A.

4

19. The Subordinate Mortgage provides, in pertinent part, that Mrs. Rose Turner (referred to as "Borrower") owes First Franklin ("referred to *as* Lender") an additional $14,598 and states that "[t]his debt is evidence by Borrower's note dated the same date as this Security Instrument which provides for the full debt if not paid earlier due and payable on March 1, 2041." Subordinate Mortgage, p.1.

20. Thus, the Subordinate Mortgage by its terms purports to revive Mrs. Rose Turner's personal liability on the Chase Note which obligation was discharged by rescinding the power of attorney and executing a warranty deed to the trustee.

21. Additionally, Chase prepared and had Mrs. Rose Turner sign a "FHA Home Affordable Modification Agreement" which provides that Mrs. Rose Turner is obligated to pay the modified mortgage at the rate of $764.12 per month beginning on April 1, 2012. A true and accurate copy of the FHA Home Affordable Modification Agreement (Hereinafter referred to as the "FHA Modification Agreement") as recorded in the real property records of DeKalb County is attached hereto as Exhibit B.

22. From July 29, 2004 through October 1, 2014, Mrs. Rose Turner has paid various First Franklin entities the sum of, at least $125,112.00 as payments on the First Franklin Note.

23. When Mrs. Rose Turner began to question First Franklin employees concerning the nature of the payments that she was requested to make, First Franklin employees stated that Mrs. Rose Turner was making mortgage loan payments through calendar year 2015 but recently First Franklin employees have equivocated sometimes calling the payment mortgage payments and on other occasions calling them "voluntary payments."

5

24.     As a result of the contumacious conduct of Defendant in collecting payments from Mrs. Rose Turner on the Chase Note, Mrs. Rose Turner incurred actual damages of $168,475.08 which is the amount that Chase collected.

25. Mrs. Rose Turner suffered emotional and mental distress damages in the amount of $40,000.00 as a result of the contumacious conduct of Defending inducing Mrs. Rose Turner to make payments on the Chase Note

## § 524 WILLFUL VIOLATIONS OF THE DISCHARGE ORDER
## COUNT I

26. Plaintiff incorporates herein by reference the allegations of the proceeding paragraphs of the Complaint.

27. The actions of Defendant Chase in inducing Mrs. Rose Turner to make payments on the Chase Note are in willful violation of the discharge injunction entered in her bankruptcy case pursuant to 11 U.S.C. § 524 and constitute contempt of the bankruptcy Court's Order of Discharge.

28. The actions of Defendant First Franklin in requiring and inducing Mrs. Rose Turner to sign purported loan modification documents which attempt to revive Mrs. Rose Turner's liability on the First Franklin Note are in willful violation of the discharge injunction entered in Plaintiffs bankruptcy case pursuant to 11 U.S.C. § 524 and constitute contempt of the bankruptcy Court's Order of Discharge.

29.     The conduct of the Defendant in this case has substantially frustrated the discharge order in this case and has caused Mrs. Rose Turner monetary damages, emotional distress and unwarranted and unnecessary time, effort, and expense in seeking to enforce her right to a "fresh start" as guaranteed by the Bankruptcy Code.

30. The contumacious conduct of Defendant is in flagrant disregard of the Order of Discharge and undermines the judicial process.

31. As a result of the actions of Defendant, Mrs. Rose Turner has sustained damages and continues to sustain damages consisting of emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Ms. Rose Turner will continue to suffer the same for an indefinite time in the future, all to Mrs. Rose Turner great detriment and loss.

32. As be seen from the facts stated herein., Defendant has treated Mrs. Rose Turner as if she had never filed bankruptcy and as if no Discharge Order had ever been issued.

33. In order to protect debtors who have been granted a discharge of their debts, the Court should grant sanctions against the defendant for its actions in this case.

34. As a result of the defendant's violations of 11 U.S.C. 524, the Defendant is liable to the plaintiff for actual damages, punitive damages and legal fees pursuant to section 105 of Title 11 of the United States Code.

35. In light of Defendant's outrageous contumacious conduct and to deter Defendant from similar acts in the future and considering the fact that its violations of the discharge order continued over a long period of time, the Court should award:

A. Actual damages which require First Franklin to disgorge the monies which First Franklin induced Mrs. Rose Turner to pay on the First Franklin Note that was Discharged in the amount of, at least $63,475.08

B. Emotional and mental distress damages, in the amount of $40,000.00;

C. Punitive damages against the Defendant in the amount of $60,000.00; and

7

D. The cost of this action together with reasonable attorney's fee.

## DECLARATORY JUDGMENT

## Extinguishing CHASE MORTGAGES

## COUNT II

36. Plaintiff re-alleges as if fully set forth herein the allegations of the preceding paragraphs of the Complaint.

37. The Modification Agreement and Subordinate Mortgage together with the "new" Note referenced therein constitute a novation of the First Franklin Mortgage.

38. However, the new Note is void since it attempts to refinance Mrs. Rose Turner's obligation that was previously discharged .

39. Therefore the Court should enter a declaratory judgment that the new Note, the Modification Agreement and Subordinate Mortgage are void and that the First Franklin Security Deed of July 29, 2004 has been satisfied by reason of the new Note, the Modification Agreement Subordinate Mortgage.

WHEREFORE, Plaintiff Nichole Rose Turner prays that the Court grant judgment:

(a) On Count I, against the Defendant for her actual damages of $63,475.08;

(b) On Count I, against the Defendant for emotional and mental distress damages of $40,000.00;

(c) On Count I, against the Defendant for punitive damages of $75,000.00 or such greater amount as the Court deems appropriate;

(d) On Count II, for a Declaratory Judgment that the First Franklin Security Deed of July 29, 2004

8

(e) The Plaintiff have judgment against Defendant for all costs including a reasonable attorney's fees; and

(t) The Court grant Plaintiff such additional relief as it may deem just and proper.

Respectfully submitted,

*/s/ Nichole Rene Turner*

Nichole Rose Turner

3715 Wolverton Cir
Lithonia GA 30038